

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 18, 1966

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

Opinion No. C-662

Re: Whether inheritance
tax is due the State
where deceased Veteran's
estate passed to the
United States pursuant to
Section 5220, Title 38,
U.S.C.A.

We quote the following excerpt from a letter furnished us in connection with your request for an opinion of this office on the above captioned matter.

"The above named decedent died intestate in the Veteran's Administration Hospital at McKinney, Texas, on the 9th day of August, 1964. He left no kin capable of inheriting his property so far as we have been able to ascertain.

"The estate of the veteran consists of personal property, as shown by the administrator's account for final settlement, of the gross amount of $3,995.12, out of which the costs of administration, including attorneys' fees, will have to be paid.

"The Veterans Administration and the United States Attorney filed an application in the probate court to have the funds belonging to the estate of the decedent escheated to the United States and awarded to it under the provisions of Section 5220A of Title 38, U.S.C.A. . . .

"The Court found that the decedent died intestate and left no heirs capable of inheriting his estate.

" . . .

" . . .

" . . .

"I represent the administrator of the estate of
the decedent and I would like your opinion as
to whether . . . any Inheritance Taxes will be
due the State of Texas out of the funds to be
paid to the United States as directed by the
Probate Court.

" . . ."

Section 5220 reads as follows:

"§5220. Vesting of property left by decedents
(a) Whenever any veteran (admitted as a veteran)
shall die while a member or patient in any facility,
or any hospital while being furnished care or
treatment therein by the Veterans' Administration,
and shall not leave surviving him any spouse, next
of kin, or heirs entitled, under the laws of his
domicile, to his personal property as to which he
dies intestate, all such property, including
money and choses in action, owned by him at the
time of death and not disposed of by will or
otherwise, shall immediately vest in and become
the property of the United States as trustee for
the sole use and benefit of the General Post Fund
(Hereafter in this subchapter referred to as the
'Fund'), a trust fund prescribed by section 725s(a)
(45) of title 31.

"(b) The provisions of subsection (a) are conditions
precedent to the initial, and also to the further
furnishing of care or treatment by the Veteran's
Administration in a facility or hospital. The
acceptance and the continued acceptance of care
or treatment by any veteran (admitted as a veteran
to a Veterans' Administration facility or hospital)
shall constitute an acceptance of the provisions
and conditions of this subchapter and have the
effect of an assignment, effective at his death,
of such assets in accordance with and subject to
the provisions of this subchapter and regulations
issued in accordance with this subchapter. Pub.L.
85-857, Sept. 2, 1958, 72 Stat. 1259."

In U. S. v. Oregon, 366 U.S. 643 (1961), the Supreme Court held that this statute automatically vests the United States with title to the estate of any veteran who dies intestate and without heirs while a patient or member of any Veteran's Administration facility; and it is not necessary that such veteran shall have entered into a contract with the United States providing for such disposition of his estate. The Court further held that this statute was within the power of Congress and was not in violation of the Tenth Amendment to the Constitution of the United States.

The transfers which were subject to inheritance taxes at the decedent's death are enumerated in Article 14.01, Title 122A, Taxation-General, 20A, V.A.T.S. This transfer, effectuated by federal statute, is not included in the taxable transfers. You are therefore advised that no inheritance tax is due the State of Texas from this estate.

## S U M M A R Y

No inheritance tax is due the State where, at Veteran's death, property vested in the United States pursuant to the Provisions of Section 5220 of Title 38, U.S.C.A.

Yours very truly,

WAGGONER CARR
Attorney General

By Marietta McGregor Payne

Marietta McGregor Payne
Assistant

MMcGP:cf
APPROVED:
OPINION COMMITTEE
W. O. Shultz, Chairman
F. C. Jack Goodman
W. E. Allen
John F. Pettit
Alan Minter

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright